UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-03435-BFM                          **Date:**  July 1, 2026

**Title:**      *Onik Papoyan v. James Janecka, et al.*

======================================================================

Present:    The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

|  Christianna Howard  |  N/A  |
|:---:|:---:|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner | Attorneys Present for Respondents |
|:---:|:---:|
| N/A | N/A |

**Proceedings:**    **(In Chambers) Order Granting Petition (ECF 1)**

Petitioner Onik Papoyan filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on June 22, 2026. (ECF 1.) For the reasons stated below, Claim One in the Petition (ECF 1) is **granted** and Petitioner is ordered **released**.

**I.      Factual Background**

Petitioner is a citizen of Armenia who is currently detained at the Adelanto ICE Processing Center, within the Central District of California. (ECF 1 ("Pet.") at 1.) He entered the United States in April 2024, presenting himself at a port of entry in compliance with the CBP One application process, and was detained. (Pet. at 4.) Petitioner was granted asylum in September 2025. (Pet. at 4, ECF 1 at 14-27 (IJ Order granting asylum).) DHS appealed that decision, which is currently pending before the BIA. (Pet. at 4.) Petitioner remained in its custody during the pendency of the appeal. (Pet. at 4.)

In December 2025, Petitioner filed a Petition for Writ of Habeas Corpus in the District of Arizona arguing that his detention violated due process. (Pet. at 4-5); *see also* Docket, *Papoyan v. Rosa*, No. CV-25-04882-PHX-DJH (CDB) (D. Ariz). On March 17, 2026, the assigned Magistrate Judge issued a Report

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-03435-BFM        **Date:**  July 1, 2026

**Title:**    *Onik Papoyan v. James Janecka, et al.*

=================================================================

and Recommendation recommending the petition be granted and that Petitioner be provided with a bond hearing. (Pet. at 5; *see also* ECF 1 at 29 (Report and Recommendation).) Before the Report and Recommendation was approved as a final order, the Immigration Judge proceeded with the bond hearing she believed to be required by the federal court, and ordered Petitioner released on a $12,000 bond. (ECF 11-1 (IJ Order granting bond).) Petitioner was released on March 27, 2026. (Pet. at 5.) The United States Attorney, as counsel for Respondents in the habeas petition, then urged the District Judge to dismiss the Petition as moot, and the District Judge entered an order to that effect on April 15, 2026. (Pet. at 5; *see also* Docket, *Papoyan v. Rosa*, No. CV-25-04882-PHX-DJH (CDB) (D. Ariz).)

On April 29, 2026, the Immigration Court issued a written decision rescinding Petitioner's bond. She concluded that she lacked jurisdiction to set bond because DHS had provided only the Magistrate Judge's R&R, and not a signed order from the District Judge adopting it. (Pet. at 5; ECF 11-2 at 4.) The IJ indicated that "should jurisdiction be established by a federal district court order, [she] would order that [Petitioner] be released from custody of the Department of Homeland Security upon the posting of a bond in the amount of $12,000." (ECF 11-2 at 6.) Petitioner filed a motion to vacate the dismissal under Rule 60(b) in May 2026; no action has been taken on that request. (Pet. at 6.)

Petitioner was taken back into ICE custody on June 7, 2026, and is currently detained at the Adelanto ICE Processing Center. (Pet. at 6.) Petitioner filed a counseled Petition in this District asking to be released.

Respondents indicate that Petitioner is entitled, "at most," to a bond hearing. (ECF 9.) Though they advance the conclusion they believe the Court

Page **2** of **5**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-03435-BFM                    **Date:**  July 1, 2026

**Title:**    *Onik Papoyan v. James Janecka, et al.*

==================================================================

should reach, Respondents do not address the unfortunate situation that led Petitioner to be taken back into custody after he was already released on bond.

## II.    Analysis

While the Court would likely adopt the thoughtful analysis set out by Judge Bibles in her Report and Recommendation, given that Petitioner is now detained in the Central District of California, it does not have to reach that question. In this District, because Petitioner has been detained for more than two years, he is entitled to a bond hearing. As a judge of this District explained:

> Named after the Ninth Circuit's decision in *Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015), which has an extensive history that need not be recounted here, a *Rodriguez* bond hearing is a periodic custody redetermination proceeding—required in the Central District of California (for reasons not pertinent here)—where the government must show at six-month intervals that a detainee's continued detention pending removal proceedings is justified by clear and convincing evidence of flight risk or danger to the community.

*Monsalve v. Semaia*, No. 5:26-cv-00463-SVW-ACCV, 2026 WL 1625352, at *1 n.1 (C.D. Cal. June 1, 2026)). Petitioner has received no bond hearing except the one convened by IJ Levin, in which he was granted bond before that order was rescinded. He is thus entitled to a *Rodriguez* bond hearing.

Respondents essentially concede that Petitioner is entitled to a bond hearing, but they urge the Court to stop there. They do not, however, advance any reason why the Court should not grant Petitioner the full measure of relief he seeks. Respondents' failure to address Petitioner's arguments is itself a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-03435-BFM          **Date:**  July 1, 2026

**Title:**      *Onik Papoyan v. James Janecka, et al.*

================================================================

basis to grant the Petition. *See Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).

Moreover, the Court concludes that "law and justice require[s]" more than simply ordering a bond hearing here. *See* 28 U.S.C. § 2243 (instructing courts to dispose of habeas petitions "as law and justice require"). When she vacated her previous order setting bond, the Immigration Judge said that if jurisdiction was established by a district court habeas order, she would re-instate her order granting Petitioner bond on the conditions previously set. (ECF 11-2 at 6.) This Court has found that Petitioner is entitled to a bond hearing and has the authority to order such a bond hearing be held. But for the confusion between DHS and the immigration court in Arizona, Petitioner would *already* have been released. As such, the Court sees no reason not to simply execute IJ Levin's order releasing Petitioner on bond.

## III.   Conclusion

Accordingly, Claim One in the Petition (ECF 1) is granted. Petitioner Onik Papoyan (A# 243-150-845) shall be immediately released on conditions no harsher than those set by IJ Levin in Arizona. (*See* ECF 11-1 at 2-3 (IJ Order setting bond).) Petitioner's counsel shall file a status report confirming Petitioner's release within three days of his release from custody; if release is delayed for any reason, Petitioner shall promptly notify the Court. Upon receipt of confirmation that Petitioner has been released, judgment will issue and the Court will close the case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-03435-BFM                    **Date:**  July 1, 2026

**Title:**      *Onik Papoyan v. James Janecka, et al.*

=====================================================================

Petitioner is not entitled to different or greater relief on the remaining claims in the Petition; those claims are therefore denied as moot in light of the relief granted on Claim One.

Once judgment is issued, Petitioner's counsel should consider withdrawing the request filed in the District of Arizona, to ensure that the judges in that District do not spend time on a request that should be, this time, *actually* moot.

**IT IS SO ORDERED**

cc:    Counsel of Record

Initials of Preparer:    ch